UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-80525-CIV-MARRA

PATRICIA ABRAM-ADAMS,

    Plaintiff,

vs.

CITIGROUP INC., a foreign corporation,

    Defendant.
_____/

## OPINION AND ORDER DISMISSING CASE

This cause is before the Court upon Plaintiff's Motion for Leave to Proceed In Forma Pauperis. (DE 3). The Court has carefully considered the motion and is otherwise fully advised in the premises.

On May 9, 2011, Plaintiff, proceeding pro se, filed this Complaint against Defendant asserting eighteen causes of action under various federal and state statutes and state tort law. Specifically, Plaintiff alleges violations of 42 U.S.C. §§ 2000e, 1981, 1983 and 1985, the Florida Civil Rights Act, Fla. Stat. § 760.01 et seq., and negligence under Florida common law. That same day, Plaintiff filed an application to proceed in forma pauperis. Under 28 U.S.C. § 1915(e)(2)(B):

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
> (B) the action or appeal--
> (I) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

The Court must first examine whether this Complaint is frivolous or fails to state a claim before reaching a determination on the merits of Plaintiff's in forma pauperis application. Cf. Herrick v. Collins, 914 F.2d 228, 229 (11th Cir. 1990) (holding that the court should first determine whether the complaint was frivolous before ordering the plaintiff to pay a partial filing fee).

The Supreme Court has established that a court should afford a pro se litigant wide leeway in pleadings. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam) (holding allegations of a pro se complaint to a less stringent standard than formal pleadings drafted by lawyers). However, this leniency does not give the court license to rewrite an otherwise deficient pleading in order to sustain an action. GJR Invs., Inc. v. Cnty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998). Pro se litigants are required to meet certain essential burdens in their pleadings. See Brown v. Crawford, 906 F.2d 667, 670 (11th Cir. 1990).

Plaintiff's Complaint alleges various employment-discrimination claims stemming from her employment with CitiGroup from 2003 through 2004. She filed an administrative complaint with the EEOC in 2004. Compl. ¶ 7. While the complaint is silent or unclear as to the specifics of the administrative proceedings, Plaintiff filed a state-court complaint sometime in 2005 "after the expiration of one hundred eight (180) days since the filing of the discrimination charge." Compl. ¶ 9.[1] The complaint does not discuss the result of the state-court action, but does allege

---

[1] Under the Florida Civil Rights Act, plaintiffs must file an administrative complaint with the Florida Commission on Human Rights or the federal Equal Employment Opportunity Commission within 365 days of the alleged violation. Fla. Stat. § 760.11(1). The agency must then investigate and determine whether there is "reasonable cause" to believe that a violation has occurred within 180 days of filing the complaint. Fla. Stat. § 760.11(3). If the agency determines that reasonable cause exists, the complainant can bring a civil action in court "no later than 1 year after the date of determination of reasonable cause by the commission." Fla. Stat. §

that an arbitration occurred on March 31, 2007, held by the American Arbitration Association, in which CitiGroup prevailed.  Compl. ¶¶ 12, 14.  March 31, 2007 is the most recent date alleged in the complaint.

The Court finds that this complaint fails to state a claim because all of the alleged claims, based on alleged discrimination that occurred as late as 2004, are time barred.  Plaintiff's Title VII claims are outside the applicable two-year statute of limitations.  See, e.g., Greenspoon v. Sarasota Cnty. Area Transit, No. 10-CV-2512, 2011 WL 533672, at *1 (M.D. Fla. Feb. 8, 2011) ("In Florida, Title VII cases must be brought within two years pursuant to the limitations period set forth in Florida Statutes section 95.11(4)(c)."); Fowler v. Taco Viva, Inc., 646 F. Supp. 152, 155 (S.D. Fla. 1986) (same).  Plaintiff's Section 1981, 1983, and 1985 claims are outside the four-year statute of limitations applicable to such claims brought in Florida.  See Chappell v. Rich, 340 F.3d 1279, 1283 (11th Cir. 2003); Burton v. City of Belle Glade, 178 F.3d 1175, 1188 (11th Cir. 1999); Hill v. Metropolitan Atl. Rapid Transit Auth., 841 F.2d 1533, 1545-46 (11th Cir. 1988).  Plaintiff's claim under the Florida Civil Rights Act is outside the 180-day period under Florida Statute § 760.11(8) and the one-year period under Florida Statute § 760.11(4).  Last, Plaintiff's negligence claim is outside the applicable four-year statute of limitations.  See Fla. Stat. § 95.11(3)(a); see also Kelly v. Lodwick, -- So. 3d --, 2011 WL 2031331, at *2 (Fla. 4th DCA 2001) ("Under the statute of limitations, actions for negligence . . . must be commenced within four years of when the cause of action accrued.").  Even assuming that Plaintiff's

---

760.11(4).  If the agency fails to reach a conclusion on whether there is or is not reasonable cause within the mandated 180-day period, the complainant "may proceed under subsection (4), as if the commission determined that there was reasonable cause."  Fla. Stat. § 760.11(8).  Presumably, Plaintiff filed her state-court complaint in 2005 under either subsection (4) or (8) of the Florida Civil Rights Act.

allegations regarding the March 31, 2007 arbitration are relevant to her employment-discrimination claims here, her claims would still be based on events that occurred more than four years ago. Thus, because all of Plaintiff's claims are time barred, the Court will dismiss Plaintiff's complaint with prejudice.

Accordingly, it is hereby ORDERED AND ADJUDGED that Plaintiff's Complaint is DISMISSED WITH PREJUDICE. The Clerk of Court shall CLOSE this case. All pending motions are DENIED AS MOOT.

DONE AND ORDERED in Chambers at West Palm Beach, Palm Beach County, Florida, this 11th day of July, 2011.

_____
KENNETH A. MARRA
United States District Judge