UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-80525-CIV-MARRA

PATRICIA ABRAM-ADAMS,

    Plaintiff,

vs.

CITIGROUP, INC.,

    Defendant.
_____/

## ORDER

This cause is before the Court upon Plaintiff's Motion to Appoint Counsel. (DE 6). The Court has carefully considered the motion and is otherwise fully advised in the premises.

This is a civil action under the various federal and state civil-rights statutes and state tort law. On July 11, 2011, the Court dismissed with prejudice Plaintiff's claims because they were all time barred. (DE 4). Plaintiff, proceeding *pro se*, has filed the instant motion requesting that the Court appoint her counsel for an appeal.

"A plaintiff in a civil case has no constitutional right to counsel." *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999). A court may, however, appoint counsel for indigent plaintiffs under 28 U.S.C. § 1915(e)(1), which provides that the "court may request an attorney to represent any person unable to afford counsel." "Appointment of counsel in civil cases is . . . a privilege justified only by exceptional circumstances, such as the presence of facts and legal issues which are so novel or complex as to require the assistance of a trained practitioner." *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993). The "district court has broad discretion in making this decision" *Bass*, 170 F.3d at 1320.

The Court finds that this is not an exceptional case warranting appointment of counsel. The appellate issues—whether Plaintiff's claims are barred by the applicable statutes of limitations—are neither novel nor overly complex, such that Plaintiff needs a trained practitioner to present her case. For these reasons, it is hereby

ORDERED AND ADJUDGED that Plaintiff's Motion to Appoint Counsel (DE 6) is DENIED.

DONE AND ORDERED in Chambers at West Palm Beach, Palm Beach County, Florida, this 12th day of August, 2011.

_____
KENNETH A. MARRA
United States District Judge